the check held by Mr. Kingsbury for the reason "that we are very short of money at the present time, but would be able to give it to you at the time specified. Hoping you will not be inconvenienced by not having the money, we beg to remain," etc.

PHILIP R. BARNES, for plaintiff in error.

LEE & LEE, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

MASTER AND SERVANT, § 84*—*when evidence sufficient to show that salesman had accounted for part of collections.* In an action by a salesman for commissions on goods sold by plaintiff for defendant, evidence *held* sufficient to sustain a finding that plaintiff had accounted for all his collections except a certain sum.

---

### Norman Johnson, Defendant in Error, v. Susan Dellas and Anton J. Cermak, Bailiff, Plaintiffs in Error.

### Gen. No. 22,114.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in this court at the March term, 1916. Reversed with directions. Opinion filed June 19, 1916.

### Statement of the Case.

Action by Norman Johnson, plaintiff, against Susan Dellas and Anton J. Cermak, bailiff of the Municipal Court of Chicago, defendants, to try the right to property taken under execution. From a judgment for plaintiff, defendants bring error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

PEDEN, KAHN & MURPHY, for plaintiffs in error; HARRY KAHN, of counsel.

No appearance for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. EXECUTION, § 84*—*when statute requiring service of copy of writ of execution upon debtor complied with.* The purpose of Hurd's Rev. St. ch. 52, sec. 14 (J. & A. ¶ 5584), providing that a copy of a writ of execution shall be served upon the debtor in the same manner as summonses are served in chancery, is to give the debtor an opportunity to make a schedule and claim exemption within ten days, and the purpose of the statute is met when the debtor in fact sends his schedule to the bailiff in due time, although service is made upon the wife of the debtor.

2. EXEMPTIONS, § 28*—*when unsworn schedule insufficient.* An unsworn schedule of property claimed to be exempt is insufficient and not in compliance with Hurd's Rev. St. ch. 52, sec. 14 (J. & A. ¶ 5584).

---

## Victor Electric Company, a corporation, Defendant in Error, v. Charles Miller, Plaintiff in Error.

### Gen. No. 22,154.

1. APPEAL AND ERROR, § 1725*—*when decision in prior case binding on appeal.* The decision of the Appellate Court on a former review is the law of the case binding upon the parties, the trial court and the Appellate Court.

2. CONTRACTS, § 371*—*when presumed that written contract contains entire agreement of parties.* It will be presumed that a written contract embodies the agreement of the parties to it, and that all contemporaneous oral agreements are merged in it.